JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

A&H Sportswear Co., Inc.

**(b)** County of Residence of First Listed Plaintiff    Northampton County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen G. Harvey, Steve Harvey Law LLC, 1880 JFK Blvd., Suite 1715
Philadelphia, PA 19103, 215-438-6600

## DEFENDANTS

Jennifer Vrionides d/b/a Miracle Waist Shapers

County of Residence of First Listed Defendant    Kings County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1121; 15 U.S.C. §§ 1331, 1338(a) and (b); 15 U.S.C. § 1367(a); 15 U.S.C. § 1114(1), 1125(a) and (c)
Brief description of cause:
Trademark infringement, false designation of origin, unfair competition, dilution, and injury to business reputation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Greater than $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   Jeffrey L. Schmehl

DOCKET NUMBER   5:16-cv-06589-JLS

DATE
09/20/2017

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 110 Commerce Way, Stockertown, PA 18083

Address of Defendant: 339 42nd Street, Brooklyn NY 11232-3505

Place of Accident, Incident or Transaction: Stockertown, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: 5:16-cv-06589    Judge Jeffrey L. Schmehl    Date Terminated: Pending

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) Trademark infringement

### ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Stephen G. Harvey, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 20, 2017    Stephen G. Harvey    58233

Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 20, 2017    Stephen G. Harvey    58233

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| A&H Sportswear Co., Inc. | : | CIVIL ACTION |
| v. | : |  |
| Jennifer Vrionides d/b/a Miracle Waist Shapers | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| September 20, 2017 | Stephen G. Harvey | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-438-6600 | 215-438-6666 | steve@steveharveylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **A & H SPORTSWEAR CO., INC.** | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL** |
| v. | ) | **DEMANDED** |
| | ) | |
| | ) | |
| **JENNIFER VRIONIDES d/b/a** | ) | |
| **MIRACLE WAIST SHAPERS,** | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT,
## TRADEMARK DILUTION, AND UNFAIR COMPETITION

Plaintiff, A & H Sportswear Co. Inc. ("A&H"), alleges as follows, upon actual

knowledge with respect to itself and its own acts, and upon information and belief as to all other

matters:

### NATURE OF THIS ACTION

1.      This is a civil action for trademark infringement and unfair competition under

federal, state, and common law, and trademark dilution under federal and state law.  A&H seeks

equitable and monetary relief from Defendant's violations of A&H's trademark rights in its

MIRACLESUIT, MIRACLESHAPER, and other MIRACLE-formative marks.

2.      Defendant has been offering for sale, selling, and promoting shapewear,

swimwear, and related products under the names and marks MIRACLE WAIST SHAPERS,

MIRACLE WAIST, and MIRACLE BEAUTIES (the "Unauthorized MIRACLE Marks") in

violation of A&H's trademark rights.  Defendant is free-riding off A&H's hard-earned goodwill

at the expense of both A&H and consumers, who are likely to believe Defendant has a

relationship with A&H and/or her products are made, approved, and/or licensed by A&H.

## PARTIES

3.      Plaintiff A&H is a Pennsylvania corporation with a principal place of business at 110 Commerce Way, Stockertown, Pennsylvania 18083.

4.      Defendant Jennifer Vrionides is an individual with an address at 339 42nd Street, Brooklyn, New York 11232-3505, doing business as Miracle Waist Shapers, which is located at 7029 65th Place, Glendale, NY 11385.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  Because A&H is a citizen of the Commonwealth of Pennsylvania, Defendant is a citizen of New York, and the matter in controversy exceeds $75,000 exclusive of interest and costs, the Court also has jurisdiction under 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over A&H's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

6.      This Court has specific personal jurisdiction over Defendant because she has purposefully availed herself of the privilege of conducting business in Pennsylvania.  Defendant offers, markets, promotes, and sells her products that are the subject of this lawsuit through her websites to consumers located in Pennsylvania.

7.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to A&H's claims have occurred and are continuing to occur in this District and A&H's trademarks at issue are located in this District, where A&H maintains its principal place of business.

2

## A&H, ITS PRODUCTS, AND ITS MIRACLE TRADEMARKS

8.     With roots tracing back to the 1930's, A&H is one of the most successful and admired makers of swimwear and shapewear.  Through innovative engineering, A&H helped revolutionize the swimwear industry by introducing swimwear with patented shaping technology and construction that allowed for both horizontal control and vertical stretch.

9.     Since as early as 1991, A&H has continuously used and promoted the mark MIRACLESUIT in connection with its innovative figure-shaping swimsuits, as shown in the examples below:



10.     By 1995, A&H expanded its MIRACLESUIT product line to include bras, lingerie, leotards, shorts, cover-ups, and dresses, as shown in the examples below:



11.     Capitalizing on the ongoing success of its line, in 2001 A&H introduced a full

suite of shapewear under the MIRACLESUIT mark, as shown in the representative examples

below:



4



Over the years, A&H has sold millions of products in connection with its MIRACLESUIT mark.

12.    In addition to its MIRACLESUIT mark, A&H has for many years used and promoted the mark MIRACLE SHAPER and numerous other MIRACLE marks in connection with its wide range of products, including MIRACLEBODY, MIRACLEJEANS, MIRACLE DRESS, and WHY PRAY FOR A MIRACLE WHEN YOU CAN WEAR ONE (individually and collectively the "MIRACLE Marks").  These MIRACLE Marks have been used and promoted individually and together (as shown below), so that consumers have come to associate the MIRACLE portion of the marks with one source, namely A&H.





Designed to drastically slim underneath your best dressed to impress **Miraclesuit** Shapewear features **MiracleShaper®** extra firm control, undeniable shaping, and a Fit Advantage that comfortably clings to your curves to create a most confident look.

**Miraclebody's** form-flattering collection of jeans and tops features our signature tummy control panel and hidden inner liners to comfortably conceal. **Miracle Jean®** premium denim is specifically crafted to enhance your life and style - giving every BODY a flawless figure.





Miraclebody Oversized Stripe Camp Shirt
Regular Price: $108.00

Miraclebody Oversized Broken Arrow Camp Shirt
Regular Price: $108.00

**A&H'S SALES AND PROMOTION OF ITS MIRACLE-BRANDED PRODUCTS**

13.      A&H has sold millions of dollars' worth of products under its MIRACLESUIT

and other MIRACLE Marks.  Those products are promoted, offered, and sold nationwide

through a wide variety of retail means, including A&H's website (http://www.miraclesuit.com/)

and numerous national, regional, and specialty retailers and e-tailers such as *Macy's*, *Nordstrom*,

*Zappos.com, 6PM.com, Swimoutlet.com, Chicos.com, Bloomingdales, Dillard's, Lord & Taylor,*

*Belk, Everything but Water, Swim 'N Sport, Soma, Chico's, Talbot's, Bare Necessities*, and many

others, as shown in the examples below:









14.     A&H's products are also offered and sold through the websites and mail order catalogs of many of its retailers and through A&H's affiliated websites, catalogs, and toll-free call center.

15.     For years, A&H has spent millions of dollars advertising and promoting its MIRACLE Marks and products to the general public.  A&H has widely and extensively done so through virtually every available type of print and digital media, including nationally circulated magazines, online blogs and journals, social media, television segments, bus billboards, and New York Fashion Week events, as shown in the examples below:






## Miraclesuit
Look 10 lbs Lighter in 10 Seconds

Date: May 12, 2013
UNV: 484,022



Battle the Bulge by Switching Your Swimsuit

Could a bathing suit be the answer to a slimmer look this summer? Gretta Monahan helps a few viewers ditch their unflattering swimwear and find new suits that give them the confidence and a thinner apperance!



## Miraclesuit
Look 10 lbs Lighter in 10 Seconds

**INSTAGRAM**
Date: June 2015
Followers: 180
Photo Likes: 23
Type: Social Media

stylessenceblog





Now featuring #mymiracle

Share your miracle moments on Instagram using #mymiracle, and tag @miraclesuitswim for a chance to be featured in our gallery!

#MyMiracle #miraclesuitswim

  

miraclesuitswim    **Follow**

**29 likes**                                    68w

**miraclesuitswim** Share your Miraclesuit moments on Instagram using #mymiracle and tagging us for a chance to be featured on our website!! #mymiracle #miraclesuitswim #experiencethemiracle #miraclesuit #magicsuit #magicsuitswim #miraclebody #miraclebodyjeans

Log in to like or comment.



16.     In addition to its own substantial advertising and promotional activities, A&H and

its MIRACLE Marks and products have received and continue to receive widespread unsolicited

media coverage and features in countless printed publications, including *The Huffington Post*,

*InStyle Magazine*, *Seventeen Magazine*, *Woman's Day*, *O Magazine*, *Good Housekeeping*,

11

*Health Magazine*, and *WeightWatchers Magazine*.  They have also been featured on popular

television programs, including the *Rachel Ray Show*, *CBS News*, *Good Morning America*, and

the *TODAY Show*.  Representative media coverage is shown below:







12




17.     A&H owns, among others, the following valid and subsisting U.S. federal

trademark registrations for its MIRACLE Marks:

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| MIRACLESUIT | 2631990 | 10/08/02 | Men's and women's sportswear, namely, shorts, pants, tops, bodysuits; uniforms; intimate apparel, namely, shapers, girdles, figure controlling underwear; bodywear, namely, leotards in Class 25 |
| MIRACLESHAPER | 4135953 | 05/01/12 | Swimwear; jeans; activewear, namely, shorts, pants, shirts, and tops; and sportswear, namely, shorts, pants, shirts and tops in Class 25 |
| MIRACLEBODY | 2011542 | 10/29/96 | Bodywear, namely body shapers, body suits; and swimwear; and women's and children's leotards; dancewear, namely, tights and unitards in Class 25 |
| MIRACLEJEANS | 4115402 | 03/20/12 | Jeans; activewear, namely pants and shirts in Class 25 |

Printouts of these registrations from the U.S. Patent and Trademark Office database are attached as Exhibit A.

18.     As a result of their distinctive nature and strength, significant commercial success, widespread advertising, and long-standing and extensive publicity, A&H's MIRACLE Marks are well-known and have been so for years.

### DEFENDANT'S WRONGFUL ACTIVITIES

19.     Without A&H's authorization or approval, Defendant (who does business as "Miracle Waist Shapers") has been offering, promoting, and selling shapewear and swimwear under MIRACLE WAIST SHAPERS, MIRACLE WAIST, MIRACLE BEAUTIES, and other MIRACLE names and marks.

20.     Defendant has promoted and sold her shapewear and swimwear products under the Unauthorized MIRACLE Marks online, including through online stores located at http://mws.bigcartel.com/ and http://www.bestwaistshapers.bigcartel.com/:

14





15

21.   Like A&H, Defendant also promotes her Unauthorized MIRACLE Marks and products via social media, including Facebook (as shown in the example below):



22.   Defendant has also used the name and mark MIRACLE BEAUTIES in connection with processing payments from the sales of her MIRACLE WAIST SHAPERS-branded products through PayPal.

23.   A&H sent Defendant two letters, each demanding that she stop using the Unauthorized MIRACLE Marks.  Defendant ignored A&H's demands and has continued her unauthorized uses.

24.     Defendant knew that her uses of the Unauthorized MIRACLE Marks violate A&H's rights in its MIRACLE Marks.  As a result, Defendant has acted knowingly, willfully, in reckless disregard of A&H's rights, and in bad faith.

## INJURY TO A&H AND THE PUBLIC

25.     Defendant's uses of the Unauthorized MIRACLE Marks are likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and are likely to falsely suggest a sponsorship, connection, or association between Defendant, her products, and/or her commercial activities with A&H.

26.     Defendant's uses of the Unauthorized MIRACLE Marks are likely to dilute the distinctiveness and value of A&H's famous MIRACLESUIT mark.

27.     Defendant's acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure A&H and its MIRACLE Marks.

28.     Defendant's acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement
### Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

29.     A&H repeats and re-alleges each and every allegation set forth in paragraphs 1 through 28 of this Complaint.

30.     Without A&H's consent, Defendant used and continues to use in commerce reproductions, copies, and colorable imitations of A&H's registered MIRACLE Marks in connection with the offering, distribution, and advertising of goods, which is likely to cause

17

confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15

U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation
### of Origin, Passing Off, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

31.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 30 of this Complaint.

32.    Defendant's actions, as described above, are likely to cause confusion, or to cause

mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, her products,

and/or her commercial activities by or with A&H, and thus constitute trademark infringement,

false designation of origin, passing off, and unfair competition in violation of Section 43(a) of

the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
### Common-Law Trademark Infringement
### and Unfair Competition

33.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 32 of this Complaint.

34.    Defendant's actions, as described above, are likely to cause confusion, to cause

mistake, or to deceive as to the affiliation, connection, or association of Defendant with A&H, or

as to the origin, sponsorship, or approval of Defendant, her products, and her commercial

activities by or with A&H such that Defendant's acts constitute infringement of A&H's

proprietary rights in the MIRACLE Marks, misappropriation of A&H's goodwill in those marks,

and unfair competition under Pennsylvania common law.

18

## FOURTH CLAIM FOR RELIEF
### Trademark Dilution Under Section
### 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

35.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 34 of this Complaint.

36.     Plaintiff's MIRACLESUIT mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous prior to Defendant's first use of the Unauthorized MIRACLE Marks based on, among other things, the federal registration of Plaintiff's MIRACLESUIT mark and the extensive nationwide use, advertising, promotion, and recognition of the mark.

37.     Defendant's actions, as described above, are likely to dilute the distinctive quality of Plaintiff's MIRACLESUIT mark via both blurring and tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended by the Trademark Dilution Revision Act of 2006.

## FIFTH CLAIM FOR RELIEF
### Injury to Business Reputation and Dilution
### Under 54 Pa. Stat. and Cons. Stat. Ann. § 1124

38.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 37 of this Complaint.

39.     Based on the inherent and acquired marketplace strength, extensive nationwide use, advertising, promotion, and recognition of A&H's MIRACLESUIT Mark in this Commonwealth, the MIRACLESUIT Mark is famous as that term is used in 54 Pa. Stat. and Cons. Stat. Ann. § 1124, and was famous before Defendant's first uses of the Unauthorized MIRACLE Marks.

19

40.     Defendant's acts, described above, are likely to dilute the distinctive quality of A&H's MIRACLESUIT mark and cause injury to A&H's business reputation in violation of 54 Pa. Stat. and Cons. Stat. Ann. § 1124 et. seq.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, A&H requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     An Order declaring that Defendant's uses of the MIRACLE WAIST SHAPER, MIRACLE WAIST, and MIRACLE BEAUTIES marks infringe A&H's MIRACLE Marks, constitute unfair competition, and dilute A&H's MIRACLESUIT mark under federal, state, and/or common law, as detailed above;

B.     A permanent injunction enjoining Defendant and her employees, agents, partners, companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1.     From using or registering MIRACLE WAIST SHAPER, MIRACLE WAIST, MIRACLE BEAUTIES, and/or any other marks or names comprised of or containing MIRACLE in any form (including, but not limited to, in connection with any other wording or designs) and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to any of A&H's MIRACLE Marks and/or dilutive of A&H's MIRACLESUIT mark;

20

2.      From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant are associated or connected in any way with A&H, sponsored or authorized by A&H, or otherwise affiliated with A&H in any way;

3.      From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(2);

C.      An order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain MIRACLE WAIST SHAPER, MIRACLE WAIST, MIRACLE BEAUTIES, and/or any other marks, names, logos, designs, designations, or indicators comprised of or containing MIRACLE or that are confusingly similar to any of A&H's MIRACLE Marks and/or dilutive of A&H's MIRACLESUIT mark;

D.      An Order directing Defendant to identify and cancel all other domain names and social media webpages that Defendant owns or controls containing any of the Unauthorized MIRACLE Marks (including, but not limited to, any domain names comprised of or containing MIRACLE), any marks confusingly similar to any of A&H's MIRACLE Marks, and/or any marks dilutive of A&H's MIRACLESUIT mark;

E.      An Order directing Defendant to, within thirty (30) days after the entry of the injunction, file with this Court and serve on A&H's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

F.      An Order directing Defendant to immediately send to A&H all products, advertisements, hangtags, promotional materials, stationery, forms, and/or any other materials and things that contain or bear any of the Unauthorized MIRACLE Marks and/or any other

21

marks or designations comprised of or containing MIRACLE or likely to be confused with

A&H's MIRACLE Marks and/or dilute A&H's MIRACLESUIT mark;

      G.      An Order requiring Defendant to account for and pay to A&H any and all profits

arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117

and other applicable laws;

      H.      An Order requiring Defendant to pay damages in an amount as yet undetermined

(and including prejudgment and post-judgment interest) caused by the foregoing acts, and

trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

      I.      An Order requiring Defendant to pay A&H punitive damages for trademark

infringement and unfair competition under Pennsylvania common law;

      J.      An Order requiring Defendant to pay A&H's costs and attorneys' fees in this

action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

      K.      Other relief as the Court may deem appropriate.

Dated: September 20, 2017        Respectfully submitted,

Stephen G. Harvey (PA 58233)
David V. Dzara (PA 91274)
STEVE HARVEY LAW LLC
1880 JFK Blvd., Suite 1715
Philadelphia, PA 19103
(215) 438-6600 (phone)
steve@steveharveylaw.com
dave@steveharveylaw.com

Douglas A. Rettew (*pro hac vice* motion forthcoming)
Anna B. Naydonov (*pro hac vice* motion forthcoming)
Sydney N. English (*pro hac vice* motion forthcoming)

22

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, D.C.  20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)
doug.rettew@finnegan.com
anna.naydonov@finnegan.com

*Attorneys for Plaintiff*
*A&H Sportswear Co. Inc.*

23